Case 2:15-cv-09131   Document 31   Filed 08/06/15   Page 1 of 8 PageID #: 1931

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JENNIFER RAMIREZ f/k/a JENNIFER GALINDO,

        Plaintiffs,

v.                                   CIVIL ACTION NO. 2:15-cv-09131

JOHNSON & JOHNSON, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
*(Plaintiff's Motion to Remand and Corporate Defendants' Motion to Stay)*

Pending before the court is the plaintiff's Motion to Remand to State Court [Docket 4] and the Corporate Defendants' Motion to Stay [Docket 2]. For the reasons set forth below, the Motion to Remand to State Court is **GRANTED**, and the Motion to Stay is **DENIED as moot**.

**I.   Introduction**

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 70,000 cases currently pending, approximately 25,000 of which are in the Ethicon, Inc. MDL, MDL 2327. In this particular case, the plaintiff was surgically implanted with the TVT Obturator System (the "TVT-O") manufactured by Johnson & Johnson and Ethicon, Inc. (collectively, the "Corporate Defendants"). (*See* Fourth Am. Pet. & Jury Demand [Docket 5-3] ¶¶ 12, 38). The plaintiff claims that as a result of implantation of the TVT-O, she has experienced multiple

complications. The plaintiff alleges negligence, design defect, manufacturing defect, failure to warn, breach of implied warranty, breach of express warranty, and punitive damages against the Corporate Defendants. (*Id.* ¶¶ 40–72). The plaintiff alleges negligence against defendant Dr. Cesar Reyes. (*Id.* ¶ 40).

The Corporate Defendants removed this action to the United States District Court for the Western District of Texas on June 8, 2015, asserting that the court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity among all properly joined parties and the amount in controversy exceeds $75,000.00. (*See* Notice of Removal [Docket 5], at 2–3). On June 9, 2015, the plaintiff moved to remand the case to state court for lack of subject matter jurisdiction. (Mot. to Remand [Docket 4]). On the same day, the Corporate Defendants moved to stay all proceedings in the Texas federal court, pending a decision to transfer the case into MDL 2327. (Mot. to Stay [Docket 2]). Finally, on July 1, 2015, the case was transferred into MDL 2327 before this court, (*see* Transfer Order [Docket 25]), rendering moot the Corporate Defendants' Motion to Stay. The surviving Motion to Remand is ripe for disposition.

## II. Motion to Remand

The issue I must resolve is whether the federal courts have subject matter jurisdiction over this dispute. Although originally filed in Texas state court, the Corporate Defendants removed this action to federal court pursuant to 28 U.S.C. § 1441.[1] Subsequently, this case was transferred from the Western District of Texas to the Southern District of West Virginia, MDL 2327. Accordingly, I apply the law of the Fourth Circuit to issues of federal procedure. *See In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) ("When analyzing

---

[1] Section 1441 provides, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

questions of federal law, the transferee court should apply the law of the circuit in which it is located." (citation omitted)).

Under Fourth Circuit law, removal statutes generally must be strictly construed against removal. *See, e.g.*, *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction."). Thus, the party seeking removal bears the burden of demonstrating jurisdiction. *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 370 (4th Cir. 2003). Here, the Corporate Defendants' claimed basis for federal subject matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332, which provides that a federal district court has original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Critically, section 1332 requires complete diversity among the parties, meaning the citizenship of each plaintiff must be different from the citizenship of each defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Complete diversity, however, need not exist in cases where a plaintiff fraudulently joins a nondiverse defendant. In the Fourth Circuit, to show fraudulent joinder, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)). Importantly, the standard for determining whether there is any chance of recovery against the nondiverse defendant "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6)." *Id.*

Whether I must examine the possibility of a fraudulently joined party here depends on whether the Corporate Defendants' Notice of Removal was timely. This case presents two issues regarding the timeliness of removal: First, whether the Notice of Removal was filed within 30 days after receipt by the Corporate Defendants of the pleading from which the alleged grounds for removal arose, 28 U.S.C. § 1446(b)(3); and second, whether the case was removed within 1 year after commencement of the action *or* whether the plaintiff acted in bad faith in order to preclude the defendant from removing the action, *id.* § 1446(c)(1).

With regard to the 30-day timeframe for removal, the record is clear that the Corporate Defendants complied with 28 U.S.C. § 1446(b)(3). Indeed, the Corporate Defendants' Notice of Removal was filed on June 8, 2015, less than 30 days after May 21, 2015—the date Ms. Ramirez filed the Fourth Amended Petition, which allegedly provided the Corporate Defendants with grounds for removal. (*See* Notice of Removal [Docket 5], at 1). The Corporate Defendants' compliance with the 1-year timeframe for removal, however, is less clear. While the Corporate Defendants concede that removal was not sought until more than 1 year after suit was brought, they argue that the grounds for removal were not known due to bad faith on behalf of Ms. Ramirez.

Under 28 U.S.C. § 1446(c)(1), "[a] case may not be removed . . . on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Although the Fourth Circuit has not explored the contours of the bad faith exception, it is well settled that the plaintiff is the master of her complaint. *See Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) ("The general rule, of course, is that a plaintiff is the 'master of the claim,' and he may 'avoid federal jurisdiction by exclusive reliance on state law' in drafting his complaint." (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987))).

Corollary to this chief principle, it "is not inherently bad faith to use strategy to defeat federal jurisdiction." *Brazell v. Gen. Motors, LLC*, No. CA 6:14-4588-TMC, 2015 WL 1486932, at *4 (D.S.C. Mar. 30, 2015) (citing *Duck Village Outfitters v. Nationwide Mut. Ins. Co.*, C/A No. 2:14–cv–60–FL, 2015 WL 540149, at *2 (E.D.N.C. Feb. 10, 2015)). Thus, a defendant alleging bad faith by a plaintiff bears an arduous burden that requires evidence of forum manipulation. *See, e.g.*, *Hamilton San Diego Apartments, LP v. RBC Capital Markets, LLC*, No. 14CV01856 WQH BLM, 2014 WL 7175598, at *4 (S.D. Cal. Dec. 11, 2014) (finding that the plaintiff "did not consistently fail to take steps to prosecute the claims against the" nondiverse defendant and that the plaintiff "provided consistent plausible reasoning for the timing of the [nondiverse defendant's] dismissal"); *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1263 (D.N.M. 2014) (finding that the plaintiffs "did not act in bad faith by keeping the removal-spoiling defendants" because the plaintiffs actively litigated their claims); *Mansilla-Gomez v. Mid-S. Erectors, Inc.*, No. 0:14-CV-00308-JFA, 2014 WL 1347485, at *2 (D.S.C. Apr. 3, 2014) (remanding case because the court did not find that plaintiff, who failed to include any jurisdictional information in his state court complaint, among other things, "acted in bad faith *in order to prevent* a defendant from removing the action" (emphasis in original)); *Lawson v. Parker Hannifin Corp.*, No. 4:13-CV-923-O, 2014 WL 1158880, at *6 (N.D. Tex. Mar. 20, 2014) (finding bad faith where the plaintiff "consistently failed to take steps to prosecute her claims against [the nondiverse defendant], including failing to serve him with discovery requests or noticing his deposition, and failing to seek a default judgment when [the nondiverse defendant] failed to timely answer the petition"); *Forth v. Diversey Corp.*, No. 13-CV-808-A, 2013 WL 6096528, at *3 (W.D.N.Y. Nov. 20, 2013) (finding that the plaintiffs' "explanations for their failure to earlier dismiss [the nondiverse defendant] from the action [were] inconsistent and implausible"); *Watts v. RMD Holdings, Ltd.*, No. 2:12-CV-02181, 2012 WL

5

3860738, at *2 (S.D. W. Va. Sept. 5, 2012) (Johnston, J.) (finding no evidence or indication of bad faith on the part of the plaintiffs); *cf. Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428–29 (5th Cir. 2003) (case preceding the enactment of section 1446(c)(1) that permitted the one-year limit in section 1446 to be extended under equity "where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction").

Here, the Corporate Defendants argue that Ms. Ramirez manipulated the forum in three primary ways: (1) Ms. Ramirez testified that she did not have any complaints against Dr. Reyes; (2) Ms. Ramirez's counsel proposed to stipulate to no fault on the part of Dr. Reyes; and (3) Ms. Ramirez failed to actively litigate her claim against Dr. Reyes. I do not find the Corporate Defendants' arguments to be persuasive.

First, although Ms. Ramirez testified that she did not have any complaints against Dr. Reyes, (*see* Ramirez Dep. [Docket 5-3], at 269:1–2), her testimony pertains to whether her decision to visit a different doctor was influenced by Dr. Reyes, which she explained was not the case. (*See id.* at 268:14–15 ("I was with Dr. Shows before and I was comfortable with her.")). Critically, Ms. Ramirez did not testify that she did not have any claims against Dr. Reyes. Second, contrary to the Corporate Defendants' argument, Ms. Ramirez's counsel did not propose a stipulation that the claims of *all parties* against Dr. Reyes should be dropped. Rather, Ms. Ramirez's counsel simply sought a stipulation that *the Corporate Defendants* would not pursue any third-party claims against Dr. Ramirez.[2]

Finally, the Corporate Defendants' evidence of Ms. Ramirez's alleged failure to litigate her claim against Dr. Reyes does not conclusively establish that Ms. Ramirez acted in bad faith.

---

[2] The Corporate Defendants eventually clarified this error in their Correction to Notice of Removal and Opposition to Motion Remand [Docket 20]. Nonetheless, the Corporate Defendants continue to argue that any request for stipulation is evidence of bad faith.

Most importantly, Dr. Reyes remains a defendant in this action, and Ms. Ramirez's negligence claim against Dr. Reyes has been pending for nearly three years. This fact alone distinguishes Ms. Ramirez's case from the paradigm example of a bad faith removal case, wherein the nondiverse defendant is dismissed *after* the case becomes statutorily "unremovable." *See, e.g.*, *Tedford*, 327 F.3d at 425 (finding bad faith where the plaintiff, without taking any discovery, entered non-suit against the nondiverse defendant *after* the one year anniversary of the commencement of the action had passed); *Forth*, 2013 WL 6096528, at *3 (finding bad faith where the plaintiff dismissed the nondiverse defendant immediately *after* the one-year time period expired).

Furthermore, although Ms. Ramirez did not exhaust all avenues of discovery at her disposal, she did seek and obtain discovery from Dr. Reyes, including requests for admissions and requests for disclosure. Moreover, she hired an expert witness, Dr. Marks, who prepared an expert report discussing Dr. Reyes's conduct. Finally, Ms. Ramirez's counsel even deposed Dr. Reyes. At a minimum, these facts counsel against a finding of bad faith. Indeed, as one federal court explained, "[a]ny non-token amount of discovery or other active litigation against a removal spoiler entitles the plaintiff to" a presumption of good faith. *Aguayo*, 59 F. Supp. 3d at 1275. Relatedly, the mere fact that the Corporate Defendants are not convinced that Ms. Ramirez will succeed in her claim against Dr. Reyes does not establish bad faith. *See id.* at 1277 ("If a defendant wants the removal to stick, then he or she should be able to show either: (i) that the plaintiff did not litigate at all, or engaged in a mere scintilla of litigation against the removal spoiler; or (ii) that the defendant has strong, *unambiguous evidence of the plaintiff's subjective intent*, for which the plaintiff cannot offer any plausible alternative explanation." (emphasis added)).[3] Without more,

---

[3] I note that the bad faith standard under section 1446(c)(1) differs from the standard for proving fraudulent joinder, which can be satisfied where "'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley*, 187 F.3d at 424 (quoting *Marshall*, 6 F.3d at 232). An unsuccessful claim is not necessarily brought in bad faith.

the Corporate Defendants have not met their burden of showing that Ms. Ramirez brought the action against Dr. Reyes in bad faith in order to preclude diversity and prevent removal. For this reason, Ms. Ramirez's Motion to Remand is **GRANTED**. Because I find that the Corporate Defendants' removal was not timely, I need not address whether Dr. Reyes was, in fact, fraudulently joined.

### III. Motion to Stay

Given the transfer of the case to this court by order dated July 1, 2014, the Corporate Defendants' Motion to Stay pending transfer is **DENIED as moot**.

### IV. Conclusion

For the reasons set forth below, the Motion to Remand to State Court [Docket 4] is **GRANTED**, and the Motion to Stay [Docket 2] is **DENIED as moot**. The court hereby **REMANDS** this case to the 438th Judicial District Court of Bexar County, Texas.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 6, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE